UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT GERALD IRVINE

       Plaintiff,

  v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

       Defendant.

**DECISION
and
ORDER**

**17-cv-00663-LGF
(consent)**

_____

| | |
|---|---|
| APPEARANCES: | OLINSKY LAW GOURP<br>Attorneys for Plaintiff<br>HOWARD OLINSKY, of Counsel<br>One Park Place<br>300 South State Street, Suite 420<br>Syracuse, New York 13202 |
| | JAMES P. KENNEDY, JR.<br>UNITED STATES ATTORNEY<br>Attorney for Defendant<br>SERGEI ADEN<br>Assistant United States Attorney, of Counsel<br>Federal Centre<br>138 Delaware Avenue<br>Buffalo, New York 14202, and |
| | STEPHEN P. CONTE<br>Regional Chief Counsel<br>United States Social Security Administration<br>Office of the General Counsel, of Counsel<br>26 Federal Plaza<br>Room 3904<br>New York, New York 10278 |

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 13), to proceed before the undersigned. (Dkt. No. 13-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on January 24, 2018, by Plaintiff (Dkt. No. 10), and on March 26, 2018 by Defendant (Dkt. No. 12-1).

**BACKGROUND and FACTS**

Plaintiff Robert Irvine ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") under Title II of the Act ("disability benefits"). Plaintiff, born on April 10, 1963 (R. 190),[2] graduated with a GED in 2000, and alleges that he became disabled on April 1, 2013, as a result of complications from of a previous right forearm injury. (R. 165).

Plaintiff's application for disability benefits was initially denied by Defendant on October 25, 2013 (R. 77), and pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Robert T. Harvey ("Judge Harvey" or "the ALJ") on February 4, 2016, in Buffalo, New York, at which Plaintiff, represented by Jerry Ruiz, Esq. ("Ruiz") appeared and testified. (R. 34-59). Vocational expert Amy Vercillo ("VE Vercillo" or "the

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed by the Defendant in this case for the Court's review. (Dkt. No. 7).

VE"), also testified. (R. 21-59). The ALJ's decision denying Plaintiff's claim was rendered on May 18, 2016. (R. 20-28). Plaintiff requested review by the Appeals Council, and on May 15, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on July 17 2017, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On January 24, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Plaintiff's Memorandum"). On March 26, 2018, Defendant filed a motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 12-1) ("Defendant's Memorandum"). On April 9, 2018, Plaintiff filed a reply (Dkt. No. 13) to Defendant's motion for judgment on the pleadings ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [his] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.**    **Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. §

404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since April 1, 2013, Plaintiff's alleged onset date of disability. (R. 22).  Plaintiff does not contest this finding.

C. <u>**Severe Physical or Mental Impairment**</u>

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b).  The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work.  *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of status post exploration surgery of the right forearm, fasciotomy, neurolysis of the medial cutaneous forearm nerve. (R. 22). Plaintiff does not contest the ALJ's step two disability findings.

### D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 11.04 (Peripheral Neuropathy). Plaintiff does not contest the ALJ's step three findings.

### E. <u>Residual functional capacity</u>

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the

8

Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff was capable of performing light work with limitations to Plaintiff's ability to lift more than five pounds with his right upper extremity, sit more than two hours, stand and walk up to six hours in an eight-hour workday, no climbing ropes, scaffolds or ladders, work with exposure to cold, and occasional limitations to the ability to handle (gross manipulation), finger (fine manipulation), and feel with the right hand. (R. 23).

Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is without support of substantial evidence as the ALJ failed to provide reasons to support the ALJ's decision to afford little weight to the opinion of Richard J. Miller, M.D. ("Dr. Miller"), and re-contact Dr. Miller to clarify of the date upon which Plaintiff first experienced functional limitations from his right forearm injury. Plaintiff's Memorandum at 11-14. Defendant maintains that the ALJ properly afforded little weight to functional limitations included on a residual functional capacity assessment questionnaire completed by Dr. Miller on January 12, 2016, as the questionnaire was dated after Plaintiff's date last insured on December 31, 2013, and that any deterioration to Plaintiff's right arm therefore occurred after Plaintiff's date last insured. Defendant's Memorandum at 14-16. Plaintiff's argument on this issue is without merit.

Unlike Supplemental Security Income, Disability Insurance Benefits require a claimant provide evidence supporting that he or she became disabled during the period

while he or she was insured.  *See* 42. U.S.C. 423(a)(1) and (c)(1); *see also Sinatra v. Colvin*, 2018 WL 4658722, at *3 (W.D.N.Y. Sep't. 28, 2018) ("[a]s the Appeals Council noted, the majority of the new evidence Tavarez submitted related to her condition after her 2004 date last insured, and therefore is not relevant to her claim")) (quoting *Tavarez v. Astrue,* 2012 WL 2860797, at *4 (E.D.N.Y. July 11, 2012))).  Plaintiff's date last insured is established as December 31, 2013.  (R. 20).  Dr. Miller signed and dated Plaintiff's residual functional capacity questionnaire on January 10, 2016, more than three years after Plaintiff's date last insured.  (R. 335).  In accordance with the foregoing, Discussion, *supra*, at 9-10, Dr. Miller's residual functional capacity questionnaire is outside of Plaintiff's insured period and evidence included therein is not relevant to Plaintiff's claim.  Plaintiff's motion on this issue is without merit and DENIED.

Plaintiff's further allegation that the ALJ was required to re-contact Dr. Miller to establish the date upon which symptoms related to Plaintiff's right arm impairment began to occur is also without merit.  As Defendant maintains, an ALJs duty to re-contact a treating physician arises only when the submitted evidence provides no adequate basis upon which the ALJ can determine whether the claimant is disabled, or when there are gaps in the claimant's medical history.  *See* 20 C.F.R. 404.1512(e), *see also Ayers v. Astrue*, 2009 WL 4571840, at *2 (W.D.N.Y. Dec. 7, 2009) (where treating physician opinion is unsupported and medical record is complete no duty exists for re-contacting a physician for clarification) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)).  On this record, adequate evidence exists upon which the ALJ may base a finding of no disability.

In particular, on May 9, 2013, a doppler study of Plaintiff's right forearm was normal. (R. 230). On July 18, 2013, Dr. Miller completed a physical examination of Plaintiff who reported arm pain and swelling after engaging in yard work, noted that Plaintiff's condition had improved significantly over eight weeks' time and recommended that Plaintiff consult a hand therapist. (R. 241). On October 22, 2013, Aharon Wolf, M.D. ("Dr. Wolf"), completed a consultative internal medical examination of Plaintiff and evaluated Plaintiff with moderate limitations to lifting or carrying with his right arm. (R. 253). The ALJ's residual functional capacity assessment of Plaintiff is therefore based on substantial evidence, and Plaintiff's motion on this issue is DENIED.

Plaintiff next contends that the ALJ erred in evaluating Dr. Wolf's finding that Plaintiff has a moderate imitation to lifting and carrying with his right arm. Plaintiff's Memorandum at 15-16. Plaintiff's argument is without merit. The ALJ's finding that Plaintiff is capable of light work includes limitations to Plaintiff's ability to lift five pounds, push or pull in all directions with his right upper extremity, no climbing ropes, ladders or scaffolds, and occasional limitations to Plaintiff's ability to handle, finger, and feel with his right hand. (R. 23). The ALJ's residual functional capacity assessment for light work thereby includes limitations to Plaintiff's ability to lift and carry with his right arm. Plaintiff's motion on this issue is accordingly DENIED.

As discussed, Discussion, *supra* at 9-11, evidence from Dr. Miller's residual functional capacity questionnaire is not relevant to Plaintiff's claim. The court therefore declines to consider Plaintiff's further allegation that the ALJ erred by not including such evidence in hypothetical questions posed by the ALJ to the VE. *See Slattery v. Colvin*, 111 F.Supp.3d 360, 376 (W.D.N.Y. 2013) (no error where VE testimony in response to

hypothetical questions posed by the ALJ are based on ALJ's residual functional capacity assessment supported by substantial evidence). Plaintiff's motion on this issue is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is DENIED; Defendant's motion (Doc. No. 12) is GRANTED. The Clerk of Court is ordered to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      January 22, 2019
                 Buffalo, New York